**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4678**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM ANTHONY MALONE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Roderick Charles Young, District Judge.  (3:22-cr-00182-RCY-1)

_____

Submitted:  June 26, 2026                          Decided:  July 15, 2026

_____

Before GREGORY, WYNN, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Lindsey Halligan, United States Attorney, Ellen H. Theisen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Anthony Malone appeals the 60-month sentence imposed following his guilty plea to possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] He contends that the district court did not adequately explain its sentencing decision. He also claims that the court relied too heavily on his criminal history. Finding no error, we affirm.

We review a defendant's sentence for procedural and substantive reasonableness, applying a deferential "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). To impose a procedurally reasonable sentence, the district court "must conduct an individualized assessment" by applying the 18 U.S.C. § 3553(a) factors "to the particular defendant" being sentenced. *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (internal quotation marks omitted). The court must also adequately explain the defendant's sentence. *Id.* at 212. And "where a defendant (or prosecutor) presents nonfrivolous reasons for imposing a sentence outside the [Sentencing] Guidelines, the sentencing judge must address or consider those arguments and explain why he has rejected

---

[1] After pleading guilty, Malone moved to withdraw his plea, raising facial and as-applied Second Amendment challenges under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (holding that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation"). The district court denied the motion. On appeal, Malone renews his *Bruen* claims, though he correctly concedes that these claims are foreclosed by *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) (holding that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances" (citation modified)), and *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (reaffirming this court's pre-*Bruen* "precedent foreclosing as-applied challenges to Section 922(g)(1)"), *cert. denied*, 145 S. Ct. 2756 (2025).

2

them." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (citation modified). But as long as the "district court addresses [the] defendant's 'central thesis,'" an exhaustive explanation is not required. *Id.*

At sentencing, Malone argued that his extremely difficult upbringing put him on a path toward criminality, thus mitigating the impact of his lengthy criminal history. On appeal, he claims that the district court gave short shrift to this argument: although the court acknowledged Malone's various childhood traumas, the court allegedly failed to explain how this mitigation evidence fit into its sentencing decision. We cannot agree.

As the district court noted, 18 U.S.C. § 3553(a)(6) requires a sentencing court to consider the need to avoid unwarranted sentencing disparities. The court remarked that Malone's upbringing was "not so different from many of the defendants that come before [it]." (J.A.[2] 221). Though Malone would have preferred the court to say more, the court was not obligated to offer its take on each and every piece of mitigation evidence. *See Powers*, 40 F.4th at 137 ("Appellate review is not a game of 'Gotcha!' where we tally up the number of distinguishable arguments a defendant mentioned in the district court and then comb the sentencing transcript for proof the district court mentioned each one by name.").

Malone also claims that the district court's sentencing explanation was insufficient because, in his view, it is difficult to discern the precise reasons for the court's decision. On the contrary, the court made it abundantly clear that Malone's "extensive criminal

---

[2] Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

3

history" was the most important factor in determining his sentence. (J.A. 218); *see* 18 U.S.C. § 3553(a)(1). Further, the court found that the 33-to-41-month Guidelines range did not adequately capture the severity of Malone's criminal record. So, although Malone asked for a within-Guidelines sentence of 41 months, the court instead varied upward to 60 months to account for Malone's "underrepresented" criminal history. (J.A. 221). Based on our review, we conclude that the court amply supported its sentencing decision.

Next, Malone faults the district court for not indicating whether it had considered a shorter upward variance sentence—i.e., one below 60 months. He insists that the court's sentencing explanation could have applied to any upward variance sentence. But it bears noting that the probation officer initially calculated a Guidelines range of 63 to 78 months. The district court sustained Malone's objection to the base offense level—which depended on Malone having a prior conviction for a crime of violence— after finding that Malone's robbery and firearm convictions were not qualifying predicates. Nevertheless, Malone's success on his Guidelines objection did not make his robbery and firearm convictions any less serious. *See, e.g.*, *United States v. Davis*, 130 F.4th 114, 121 n.3 (4th Cir. 2025) ("District judges may and should use their sound discretion to sentence on the basis of reliable information about the defendant's criminal history even where strict categorical classification of a prior conviction might produce a different guideline sentencing range." (citation modified)). And, notably, the district court explained that it believed that the correctly calculated Guidelines range "underrepresented" Malone's "extensive criminal history," pointing specifically to the prior convictions in question. (J.A. 221.) With this

4

context, we conclude that the court's explanation was adequate. *Cf. United States v. Banks*, 104 F.4th 496, 524 (4th Cir. 2024). We therefore discern no procedural error.

Finally, Malone contends that the district court imposed a substantively unreasonable sentence by relying too heavily on his criminal record and failing to adequately incorporate other pertinent sentencing factors into its analysis. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (internal quotation marks omitted).

It is true, as Malone points out, that sentencing courts should not "give excessive weight to any relevant factor." *United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014) (internal quotation marks omitted). On the other hand, a sentence is not unreasonable simply because it "turn[ed] on a single § 3553(a) factor." *Id.* (internal quotation marks omitted). Here, the court undoubtedly accorded great weight to Malone's criminal history. But the court also considered Malone's prison disciplinary record, the seriousness of the offense, the need to provide Malone with educational and vocational training, the need to avoid unwarranted sentencing disparities, and Malone's mitigation evidence. Though Malone would have balanced these factors differently, his mere disagreement with the value or weight attributed to the § 3553(a) factors is insufficient to establish an abuse of the district court's discretion. *United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012).

5

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*